UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN TUCKER,<br><br>    Plaintiff,<br><br>v.<br><br>ARMANDO DE LA CRUZ,<br><br>    Defendant. | Case No. 1:24-cv-01566-EPG (PC)<br><br>ORDER TO ASSIGN DISTRICT JUDGE<br><br>AND<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*<br><br>(ECF NO. 2)<br><br>OBJECTIONS, IF ANY,<br>DUE WITHIN 30 DAYS |

Plaintiff Jordan Tucker is a *pro se* inmate at Kern Valley State Prison, who filed this action pursuant to 42 U.S.C. § 1983 on December 20, 2024. (ECF No. 1). Along with his complaint, Plaintiff also filed an application to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915. (ECF No. 2). Both were signed by Plaintiff on November 20, 2024. (ECF No. 1 at 8; ECF No. 2 at 2). In addition, the Court received a certified Trust Account Statement for Plaintiff's account from California Department of Corrections (CDCR). (ECF No. 6).

The Court normally requires a $405 filing fee for a civil action. However, a federal statute, 28 U.S.C. § 1915, permits a plaintiff to commence a lawsuit without prepaying a filing fee. This statute requires "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." § 1915(a)(1). In

addition to filing an affidavit, a prisoner "shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." § 1915(a)(2).

In reviewing an IFP application, a court is "entitled to consider [a plaintiff's] own economic choices about how to spend his money." *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995). For example, the Court can consider that a plaintiff thought it more worthwhile to spend his money on commissary items than to pay the filing fee for his civil rights suit. *Id.*

According to Plaintiff's trust account statement, Plaintiff received multiple deposits in September of 2024 totaling $3,901.62: $1,400 and $224.23 on September 5, 2024; $1,200, $600, and $377.39 on September 10, 2024; and $100 on September 17, 2024. (ECF No. 6 at 1). In his IFP application, Plaintiff states that he "just received his stimulus payment." (ECF No. 2 at 1).

Even after making substantial withdrawals from the account, when Plaintiff signed his IFP application on November 20, 2024, he had $1,078.60 in his trust fund account—sufficient funds to pay the filing fee in this action.

Between November 20, 2024, when Plaintiff signed his complaint and IFP application, and December 20, 2024, when they were docketed with this Court, Plaintiff spent additional money on unspecified sales and kiosk purchases, reducing his balance to $358.25 on December 20, 2024. (ECF No. 6 at 1–2). This includes making a large purchase of $199.60 on December 17, 2024, two days before Plaintiff submitted the documents in this case for e-filing by CDCR. (ECF No. 6; ECF No. 1-1). Had Plaintiff not spent this money, he could have paid the full filing fee.

Plaintiff had funds sufficient to pay the filing fee in this action. Therefore, the Court recommends that Plaintiff's application to proceed *in forma pauperis* be denied and that Plaintiff be required to pay the filing fee of $405.00 for this action in full.

Accordingly, **IT IS ORDERED** that the Clerk of Court shall assign a District Judge to this case.

And **IT IS RECOMMENDED** that:

1. Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) be denied;
2. Plaintiff be ordered to pay the $405 filing fee in full should he wish to proceed in this case; and
3. Plaintiff be advised that failure to pay the filing fee in full will result in the dismissal of this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than 15 pages including exhibits.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **January 14, 2025**                    /s/ Erica P. Grosjean
                                                              UNITED STATES MAGISTRATE JUDGE